THE BOARD OF PUBLIC INSTRUCTION FOR MARION COUNTY, FLORIDA, *Plaintiffs in Error,* v. W. T. GODWIN AND B. H. SMITH, *Defendants in Error.*

En Banc.

Opinion Filed April 25, 1925.

1. When a second writ of error is sued out to the same final judgment to which a writ of error had already been taken, the writ of error first taken is thereby abandoned.

2. Where a plaintiff in error abandons a writ of error by suing out a second writ of error to the same judgment, a motion to dismiss the first writ of error, made subsequent to such abandonment, will be denied, such first writ being ineffectual after the issuance of the second writ of error.

3. Where a writ of error is abandoned by the suing out of a second writ of error to the same judgment, the supersedeas effected upon the first writ of error is necessarily also abandoned.

Motions to dismiss Writ of Error and to vacate order of supersedeas.

Motions denied.

*Martin & Hocker,* for Plaintiffs in Error;

*W. K. Zewadski,* for Defendants in Error.

STRUM, J.—On the relation of W. T. Godwin and B. H. Smith, the Circuit Court of Marion County, on April 1, 1925, issued a peremptory writ of mandamus directed to the Board of Public Instruction of Marion County, the members thereof, individually, and certain officials of the Ocala High School, commanding said respondents to forth-

with reinstate Clifford Godwin and Carl Smith, sons, respectively, of the relators, as students of said Ocala High School, from which said High School said students had been previously suspended for the remainder of the 1924-1925 school term.

To said judgment of the Circuit Court, certain of the respondents took writ of error, said writ having been issued on April 1, 1925. On the same day, those respondents who took writ of error applied to the Judge of the Circuit Court of Marion County to fix the terms and conditions of a supersedeas bond, by which, under the statute, the judgment aforesaid would stand superseded pending the determination of the cause by this Court on writ of error. The Circuit Judge declined to fix the terms and conditions of such bond. Said respondents then, as plaintiffs in error, applied to a Justice of the Supreme Court for an order of supersedeas, and on April 2nd, 1925, an order was made herein by one of the Justices of this Court allowing a supersedeas.

Relators, as defendants in error, on April 9th, 1925, filed in this Court a motion to dismiss said writ of error and a separate motion to vacate said supersedeas.

Meanwhile, however, plaintiffs in error, being dissatisfied with the form of the writ of error issued on April 1, 1925, abandoned said writ of error, by causing a second writ of error to be issued to said judgment of the Circuit Court, which second writ of error was issued upon and bears date the 7th day of April, 1925, and upon which second writ of error the cause now stands for review by this court. Upon the issuance of this second writ of error, the Circuit Judge, in deference perhaps to the order of a Justice of this Court allowing a supersedeas to the former writ of error, entered an order "that said new writ (of error) operate as a supersedeas upon respondents (plaintiffs in error) giving bond in amount and condition as former supersedeas bond herein." On said 7th day of April, 1925,

plaintiffs in error purport to have filed a bond, in the amount and conditioned as required, upon which latter order and bond the judgment aforesaid now appears to stand superseded.

The motion to dismiss is directed against the former writ of error, issued upon and bearing date the 1st day of April, 1925, and the motion to vacate the supersedeas is directed against the former order of supersedeas made by a Justice of this Court on April 2nd, 1925. Plaintiffs in error having abandoned the writ of error last referred to by securing the issuance and record of the second writ of error bearing date the 7th day of April, 1925, the order of supersedeas granted upon said writ of error is necessarily also abandoned, and the motions to dismiss and vacate the same, respectively, must be denied because the writ and order to which said motions are directed, in the present status of the case, are no longer before this Court, such first writ, and the order of supersedeas made thereon, being ineffectual after the issuance of the second writ of error.

So far as we are now advised, no motions have been directed against the second writ of error dated April 7th, 1925, and the order of supersedeas consequent thereupon.

Both motions are therefore denied.

WEST, C. J., AND WHITFIELD, ELLIS, BROWNE AND TERRELL, J. J., concur.