Don B. Grady and Mary Grady v. May F. Fisher.

186 So. 506.
Division B.
Opinion Filed February 7, 1939.

*J. Carl Lambdin*, for Appellants;

*Dickenson & Dickenson* and *Askew & Kierman*, for Appellee.

Brown, J.—This case comes before us on a motion by the appellee to dismiss the appeal, first upon the ground that it is frivolous and intended only for delay, and, second, because the appeal in this case was taken on October 20, 1938, from a decree of the Circuit Court of Pinellas County entered on July 13, 1938, and that the appellants had previously appealed from the decree on July 21, 1938, which said appeal was pending, though unperfected, at the time the second appeal was filed.

It appears that appellants did not procure and file in this court a transcript of the record pursuant to the entry of appeal made on July 21, 1938.

The second ground of the present motion to dismiss is predicated upon the fact that the appellants have no right to take and enter an appeal from an order and decree of the Circuit Court of Pinellas County while another appeal from

said appeal was pending, though unperfected, at the time the same order and decree is pending in this Court.

Considering the second ground of the motion first, it appears that by suing out the second appeal, within six months from the entry of the final decree, and perfecting said second appeal by filing in this Court a transcript of the record in the court below, the appellants abandoned their first appeal. In the case of Board of Public Instruction v. Godwin, 89 Fla. 379, 104 So. 779, this Court held that when a second writ of error is sued out to the same final judgment to which a writ of error had already been taken, the writ of error first taken is hereby abandoned. It was further held that where a plaintiff in error abandons a writ of error by suing out a second writ of error to the same judgment, a motion to dismiss the first writ of error, made subsequent to such abandonment, will be denied, such first writ being ineffectual after the issuance of the second writ of error; also that by abandoning the first writ of error by suing out the second, the supersedeas which had been effected upon the first writ is necessarily also abandoned.

The same principles would likewise apply to appeals from orders and decrees in chancery. We hold therefore that the first appeal in this case having been abandoned, a formal order of dismissal thereof is unnecessary.

Returning now to the first ground of the motion, without any intimation of our opinion on the merits, we cannot say from a cursory examination of this record, that the appeal is frivolous and taken merely for the purpose of delay.

The motion to dismiss the appeal is therefore denied and counsel may file briefs in accordance with the rules of this Court.

Motion to dismiss appeal denied.

WHITFIELD, CHAPMAN, and THOMAS, J. J., concur.